### JAY GOODEN v. THE STATE.

No. 10765.   Delivered May 25, 1927.

**1.—Manslaughter—Evidence—Rejection Of—Harmless Error.**

Where, on a trial for manslaughter, the rejection of testimony of a witness to a certain fact, the same fact having been testified to by other witnesses and being uncontroverted, was not such error as to call for a reversal of the case.

**2.—Same—Evidence—Held Sufficient.**

Where appellant admitted that he cut the deceased, from the effect of which he died, and claimed self-defense, other witnesses having testified to facts disclosing a graver offense than manslaughter, we are not called on to disturb this verdict.

Appeal from the District Court of Limestone County.   Tried below before the Hon. W. T. Jackson, Judge.

Appeal from a conviction for manslaughter, penalty four years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction of manslaughter, punishment four years in the penitentiary.

The record contains but one bill of exceptions, which evidences complaint of the refusal of the court below to permit appellant's witness Mathis to testify that deceased was drinking at the time of the difficulty, it being stated in the bill that said testimony was sought for the sole purpose of showing that

deceased was drunk at the time, and that deceased had in his possession choc beer. In view of the fact that a number of other witnesses testified without any contradiction that deceased was under the influence of liquor and drunk at the time he was killed, we are not at all inclined to think that the rejection of the testimony was of such materiality as to call for a reversal of this case.

Appellant admitted that he cut deceased, from the result of which deceased came to his death. He claims that he cut him in self-defense. A number of other people testified to the facts surrounding the cutting, from which appellant's guilt of a graver offense than manslaughter would seem probable. The jury, however, having accepted appellant's theory of the case to the extent that they reduced his offense from murder to manslaughter, we are not called on to disturb same.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*